UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEISHONNA HARPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-0571-O |
| | § | |
| LOCKHEED MARTIN CORP., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION & ORDER

Before the Court are Lockheed Martin Corp.'s Amended Motion for Summary Judgment (ECF Nos. 73–75), filed April 29, 2022; Keishonna Harper's Response (ECF Nos. 76–78), filed May 20, 2022; and Lockheed's Reply (ECF No. 79), filed June 3, 2022. The Court **GRANTS** the motion.

### I. BACKGROUND

The parties are familiar with the facts of this case, which the Court recounted in its Memorandum Opinion & Order on Summary Judgment (ECF No. 47). The order dismissed most of Harper's claims, leaving only her Title VII retaliation claim. The Court invited the parties to submit additional briefing on the remaining claim.

### II. LEGAL STANDARD

Summary judgment is appropriate only where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). A genuine dispute of material fact exists

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id.* The movant must inform the court of the basis for its motion and identify the portions of the record that reveal there are no genuine disputes of material fact. *Celotex*, 477 U.S. at 323.

The court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.* And if there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the court must deny the motion for summary judgment. *Anderson*, 477 U.S. at 250. "[Y]et the nonmovant may not rely on mere allegations in the pleadings; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002) (cleaned up). "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Id.*

### III.     ANALYSIS

The *McDonnell Douglas* framework governs the Title VII retaliation claim. *Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 618 (5th Cir. 2020). Harper bears the initial burden to present a prima facie case of Title VII retaliation. *Id.* "Once the plaintiff meets her initial burden, the burden shifts to the employer 'to articulate some legitimate, nondiscriminatory reason' for its actions." *Id.* at 619 (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "If the employer proffers a legitimate, nondiscriminatory reason, the burden then returns to the plaintiff to prove that the employer's reason is pretext for unlawful discrimination." *Id.* To

establish a prima facie Title VII retaliation case, Harper must show "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Id.* at 618 (cleaned up).

In its initial summary judgment motion, Lockheed argued that Harper provided no evidence of causation between the protected activity and the adverse action. The Court ruled that Harper had presented a material dispute of fact on causation because (1) Lockheed suspended Harper soon after she had filed her HR complaints; (2) Harper provided evidence that Lockheed did not discipline other employees for engaging in the same behavior for which it disciplined Harper; and (3) Harper presented factual inconsistencies in the record about her behavior. The parties now address the causation issue in greater detail.

The causation requirement at the prima facie stage is different than the causation requirement at the pretext stage. To establish causation as part of the prima facie case, an employee need only show close timing between her protected activity and the adverse action. *See Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 241 (5th Cir. 2019). Once the employer offers a legitimate reason for the adverse action, the burden shifts back to the employee to show that the proffered reason is pretextual. *McDonnell Douglas*, 411 U.S. at 802. To establish causation at the pretext stage, an employee must show but-for causation, "which requires more than mere temporal proximity." *Garcia*, 938 F.3d at 244.

Lockheed has provided legitimate reasons for the adverse action. Lockheed suspended and transferred Harper because (1) Harper made an inappropriate sexual remark to a female subordinate about having "popped her cherry," and (2) Harper demonstrated poor leadership abilities. Def.'s App. 153, 165–66, 185–86, ECF No. 75. After investigating complaints against

Harper, Lockheed concluded that Harper was assigning work unequally, not permitting employees to take time off as needed, micromanaging her employees, and using inappropriate language in the workplace. *Id.* at 152–53, 160–61. Lockheed has provided several legitimate nondiscriminatory reasons for its actions. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 408 (5th Cir. 1999).

Even assuming Harper has established a prima facie case,[1] she has not rebutted Lockheed's legitimate explanation for its actions. That is, Harper has not provided evidence that she would not have suffered the adverse actions but for Lockheed's alleged retaliatory motive. *Garcia*, 938 F.3d at 244. Harper admits she made the sexual remark but does not acknowledge that the remark was inappropriate. Am. Compl. 7, ECF No. 30. And although Harper disagrees with Lockheed's conclusion that she demonstrated poor leadership qualities,[2] she provides little evidence that Lockheed's rationale was incorrect, and no evidence that it was dishonest. *See Shackelford*, 190 F.3d at 408 (noting that "[m]erely disputing" the employer's rationale is insufficient to survive summary judgment, and that an honest belief in non-discriminatory reason for the action, even if incorrect, is not discrimination).

Harper also argues that Lockheed's disparate treatment of her is evidence of pretext. "A plaintiff who proffers the [disparate] treatment of a fellow employee must show that the plaintiff's termination was taken 'under nearly identical circumstances' as those faced by the comparator." *Garcia*, 938 F.3d at 244. Two employees are similarly situated if they "held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee v. Kan.*

---

[1] Lockheed now disputes that Harper engaged in protected activity and that she can establish temporal proximity between her activity and the adverse action. *See* Def.'s Am. Summ. J. Br. 23–36, 46–47, ECF No. 74.

[2] *See* Pl.'s Resp. Br. 28 n.5, ECF No. 77.

4

*City S. Ry.*, 574 F.3d 253, 260 (5th Cir. 2009) (footnotes omitted). And "the conduct the employer points to as the reason for the [adverse action] must have been 'nearly identical' to 'that of the proffered comparator who allegedly drew dissimilar employment decisions.'" *Garcia*, 938 F.3d at 244 (quoting *Lee*, 574 F.3d at 260).

Harper has not provided a proper comparator. Harper complains that Lockheed did not investigate her complaints against her colleagues for racially insensitive remarks. *See* Pl.'s Resp. Br. 28, ECF No. 77. Then, "when a white male" complained about Harper's conduct, "the same HR Business Partner launched two full investigations into one comment made by Harper." *Id.* Harper provides no evidence, however, that she and her comparator "held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee*, 574 F.3d at 260. Lockheed points out these deficiencies, but Harper does not address them. *See* Pl.'s Resp. Br. 27–29, ECF No. 77. The additional briefing permitted the parties to address these issues in greater detail, but Harper does not substantiate her disparate-treatment argument with evidence.

Without evidence of disparate treatment, Harper's remaining evidence cannot rebut Lockheed's legitimate explanations for its actions. Harper's only other evidence pretext is (1) temporal proximity, (2) alleged contradictions in the record, and (3) history of high performance. Pl.'s Resp. 26–27, ECF No. 77. But "temporal proximity combined with positive performance reviews [is] not enough to create an issue of fact regarding pretext." *Garcia*, 938 F.3d at 244 (citing *United States ex rel King v. Solvay Pharmaceuticals, Inc.*, 871 F.3d 318, 334 (5th Cir. 2017)). The alleged contradictions are relatively minor[3] and, in any event, undermined by Harper's concession as to at least one of Lockheed's reasons for suspending her. In sum, Harper does not provide "other significant evidence of pretext." *Shackelford*, 190 F.3d at 409.

---

[3] *See* Pl.'s Resp. Br. 28 n.5, ECF No. 77.

With the benefit of the parties' additional briefing on the issue, the Court concludes that Harper has not presented evidence of but-for causation sufficient to create a genuine dispute of material fact about pretext.

## IV. CONCLUSION

The Court **GRANTS** Lockheed's Amended Motion for Summary Judgment (ECF No. 73).

**SO ORDERED** this **8th day** of **June, 2022**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**